UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

S.K.,

                Petitioner,

   v.

LAURA HERMOSILLO, ET AL,

                Respondent.

Case No. 2:26-cv-00789-TLF

ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte. In S.K.'s Petition for a Writ of Habeas Corpus, Bruce Scott, the Warden of Tacoma Northwest Detention Center, is not identified as a named defendant. Dkt. 1.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

ORDER TO SHOW CAUSE - 1

"[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has held, "core habeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). If a petitioner fails to do so, the district court lacks jurisdiction over the petition. *Id.* at 1195–97.

Petitioner requests immediate release from custody. Dkt.1. *See Doe v. Garland*, 109 F.4th at 1193–94 ("Doe seeks typical habeas relief in asking for his release" (citation modified)). Therefore, petitioner must name their "immediate custodian, the warden of the facility where [they are] detained" as a respondent. *Id.* at 1197.

Petitioner is therefore ORDERED to show cause why this case should not be dismissed for lack of jurisdiction. Petitioner must file an amended petition properly naming their immediate custodian by March 16, 2026, or the Court will dismiss the petition without prejudice.

Dated this 13th of March, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 2