UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

S.K.,

                    Petitioner,

        v.

LAURA HERMOSILLO, et al.,

                    Respondents.

Case No. 2:26-cv-00789-TLF

ORDER ON MOTION TO
PROCEED UNDER PSEUDONYM

This matter comes before the Court on Petitioner's Motion to Proceed Anonymously, which is incorporated within the habeas petition. Dkt. 5, Amended Petition. For the reasons discussed below, the Court PROVISIONALLY GRANTS the Motion to Proceed Anonymously.

**BACKGROUND**

Petitioner is an immigration detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. Through counsel, petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 seeking immediate release from detention. Dkt. 1.

Petitioner requests the Court to allow petitioner to proceed anonymously under the pseudonym S.K. In support of this request, petitioner asserts they are a citizen and

ORDER ON MOTION TO PROCEED UNDER
PSEUDONYM - 1

national of a county that has been disparaged by the President of the United States and that they have filed for a U-visa non-immigrant status based on being the victim of a qualifying crime allegedly committed against them while in the custody of respondent Department of Homeland Security. Dkt. 1 at 4. Petitioner concludes, "For these reasons, the special interests of the respondent from harassment, ridicule, and embarrassment justify petitioner proceeding in this matter under a pseudonym." *Id.*

**DISCUSSION**

**A.      Motion to Proceed Anonymously**

Permitting a party to pursue legal proceedings anonymously interferes with the public's strong common law right of access to judicial proceedings and conflicts with Federal Rule of Civil Procedure 10. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); Fed. R. Civ. P. 10 (a) (specifying that "[t]he title of the complaint must name all the parties"). The Court may permit parties to proceed anonymously where warranted by the circumstances. *Does I thru XXIII,* 214 F.3d at 1067 (citing cases). Courts have, for example, permitted anonymity: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature;' and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]'" *Id.* at 1068.

Under Ninth Circuit precedent, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* Where a pseudonym is used to shield a party from retaliation, the

ORDER ON MOTION TO PROCEED UNDER
PSEUDONYM - 2

Court determines the need for anonymity by evaluating: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted).

Based on the allegations in the petition, the Court provisionally grants petitioner's request to proceed under a pseudonym at this state of the proceedings, based on the allegations of petitioner having been the victim of a crime. However, the Court will provide respondents with the opportunity to be heard on this request. The Court ORDERS the respondents may file a brief opposing the petitioner's request to use initials to preserve anonymity, or if they do not oppose the request, they may file a notice with the Court informing petitioner and the Court of their non-opposition. The brief in opposition, or the notice that they do not oppose the request, must be filed on or before March 20, 2026. The response or notice of non-opposition may be included in the respondent's return answering the amended habeas corpus petition, which is also due on March 20.

Petitioner's reply is due on March 23, 2026, if a brief in opposition is filed.

## CONCLUSION

The Court, at this juncture, finds it appropriate to permit petitioner to proceed under a pseudonym, but the respondents will have an opportunity to respond. Accordingly, petitioner's Motion to Proceed Anonymously, Dkt. 5, at 3-4, is PROVISIONALLY GRANTED, and the briefing, if any, will be due on the dates identified in this Order.

Dated this 16th day of March, 2026.

ORDER ON MOTION TO PROCEED UNDER
PSEUDONYM - 3

Theresa L. Fricke
United States Magistrate Judge

ORDER ON MOTION TO PROCEED UNDER
PSEUDONYM - 4