UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

S.K.,

                    Petitioner,

        v.

LAURA HERMOSILLO, ET AL,

                    Respondent.

Case No. 2:26-cv-00789-TLF

ORDER TO EXPAND THE RECORD

On March 20, 2026, the respondents filed the declaration of Deportation Officer Javier Delgado, which stated that "on February 26, 2026, a Bond hearing was held whereby the [Immigration Judge] Ordered that there was no jurisdiction, that Petitioner was a mandatory detention under Matter of M-S & Matter of Q. Li; 235(b)(1) and 235(b)(2); and further *in the alternative the request for change in custody status was denied due to flight risk*...." Dkt. 10 at ¶16 (emphasis added). Flight risk evidence, such as hearing testimony or exhibits, and analysis by the Immigration Court, are not mentioned in any of the parties' briefs or exhibits. *See generally* Dkt. 5, 9, 11, 12. Neither party discusses the basis or context of the immigration judge's alternative finding.

The federal habeas corpus statute, 28 U.S.C. § 2243, allows the Court to "dispose of the matter as law and justice require. . . ." The mandate of habeas corpus is

ORDER TO EXPAND THE RECORD - 1

"broad with respect to the relief that may be granted." *Carafas v. LaValle*, 391 U.S. 234, 239 (1968).

The Court orders the government to expand the record on petitioner's alleged flight risk status as permitted by Rule 7 of the "Rules Governing Section 2254 Proceedings for the United States District Court." *Conde-Rodriguez v. Adler*, No. 1: 09–cv–02241–LJO–SMS–HC, 2010 WL 2353522, at *2 n.1 (E.D. Cal. Jun. 9, 2010) ("The Rules Governing Section 2254 Cases may be applied to petitions brought pursuant to § 2241."). Because the Government's witness has included a reference to the hearing in their declaration, the Government is in the best position to provide the information to the Court. After the Government provides this information, the parties are ORDERED to file a Joint Status Report, addressing whether there is any additional information for which the Court should consider expanding the record; and whether the parties request an opportunity for additional briefing.

Accordingly, the Court **ORDERS:**

1. Respondents must expand the record by filing with the Court additional information regarding the Immigration Court's review of petitioner's alleged "flight risk" status. The deadline is: on or before April 6, 2026.

2. The expanded record shall include, but is not limited to:

   a. The Immigration Judge's written decision;

   b. A transcript of the February 26, 2026 hearing, and the Immigration Judge's oral ruling, if any;

   c. All documents and other evidence submitted to the Immigration Court in connection with that hearing; and

ORDER TO EXPAND THE RECORD - 2

   d.  Any other materials relevant to the immigration judge's flight risk determination.

3. No later than three Court days after respondents file the expanded record, the petitioner and respondents must file a Joint Status Report. The JSR must be limited to five pages or less, informing the Court whether additional information exists that is relevant to the issues raised in the petition for habeas corpus (information not already filed by respondents or petitioners); whether the Court should consider ordering an evidentiary hearing or additional expansion of the record; and whether the parties request an opportunity for additional briefing.

…

Dated this 26th day of March, 2026.

_Theresa L. Fricke_
Theresa L. Fricke
United States Magistrate Judge

ORDER TO EXPAND THE RECORD - 3