UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

S.K.,

                Petitioner,

    v.

LAURA HERMOSILLO, ET AL,

                Respondent.

Case No. 2:26-cv-00789-TLF

ORDER GRANTING HABEAS
CORPUS PETITION

Immigration detainee, S.K., through counsel, filed an amended habeas corpus petition under 28 U.S.C. § 2241 on March 16, 2026, alleging a violation of his Fifth Amendment due process rights. Dkt. 5. He petitions the Court for (1) a writ of habeas corpus ordering respondents to immediately release him from detention; and (2) an award of reasonable attorney fees and costs. *Id*. at 9.

Parties unanimously consented to the jurisdiction of a Magistrate Judge. Dkt. 3.

For the reasons discussed below, the Court GRANTS the federal habeas petition (Dkt. 5). The government is ordered to release the petitioner from custody within 24 hours of this Order, under the conditions of his previous release and petitioner may not be re-detained until after a pre-deprivation hearing is held to determine whether detention is appropriate.

ORDER GRANTING HABEAS CORPUS PETITION - 1

## BACKGROUND

Petitioner is a native and citizen of Afghanistan. Dkt.10, Declaration of Deportation Officer Javier Delgado ("Delgado Decl" ¶ 1). On January 13, 2023, petitioner entered the United States and was processed as an Unaccompanied Alien Child (UAC) under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") and placed with the Office of Refugee Resettlement ("ORR"). *Id*. ¶ 4; Dkt. 11, Declaration of Special United States Attorney Lawerence Van Daley ("Van Daley Decl"), Ex. 1 (2023 Notice to Appear). On May 19, 2023, a Notice to Appear ("NTA") was personally served on petitioner and charged petitioner as a noncitizen "present in the United States without being admitted or paroled"; not as an "arriving alien." Dkt. 11, Van Daley Decl., Ex. 1.

On February 1, 2024, petitioner filed form I-589 Application for Asylum and Withholding of Removal with United States Citizenship and Immigration Services ("USCIS"). Dkt. 10, Delgado Decl. ¶ 8; Dkt. 5 at 6. On March 13, 2024, an Immigration Judge ("IJ") granted the parties joint motion to dismiss under 8 C.F.R. 1239.2(c). Dkt. 11, Van Daley Decl., Ex. 3.

On or about December 24, 2025, petitioner went to a gathering at the Peace Arch located on the border between the United States and Canada and crossed the Canadian border. Dkt. 5 at 5. On December 24, 2025, petitioner was returned to the United States by Canadian Border Patrol after petitioner had entered Canada without inspection. Dkt. 10, Delgado Decl. ¶ 10.

Petitioner was apprehended by Canadian authorities and "his request for asylum was denied under the Safe Third Country Agreement between the United States and Canada." Dkt. 11, Van Daley Decl., Ex. 5; Dkt. 10, Delgado Decl. ¶ 10. Petitioner was

ORDER GRANTING HABEAS CORPUS PETITION - 2

transferred to NWIPC the same day. *Id*. The Warrant for Arrest and Order to Detain or Release Alien authorized the arrest due to "the pendency of ongoing removal proceedings against the subject." Dkt. 11, Van Daley Decl., Ex. 8.

On January 3, 2026, a second NTA was issued based on the December 24, 2025 entry. *Id*. at Ex. 6. On or about January 16, 2026, petitioner filed a motion in the immigration court to terminate the removal proceedings. Dkt. 5 at 7. An immigration judge granted petitioner's motion to terminate the NTA on January 27, 2026. *Id*. at Ex. 10.

The government continued to detain petitioner in the absence of an NTA, and on February 13, 2026, issued a third NTA to petitioner. Dkt. 11, Van Daley Decl., Ex. 7. This time the NTA ignored the December 24, 2025 entry from Canada and restored "the original 2023 entry date and the same charge of removability." Dkt. 9 at 3 (citing Delgado Decl., ¶ 13; Van Daley Decl., Ex. 7).

Petitioner filed a request for a bond hearing and a motion to terminate his removal proceedings. Dkt. 10, Delgado Decl. ¶¶ 14-15. At the hearing, the IJ held that there was no jurisdiction, that petitioner was subject to mandatory detention under *Matter of M-S & Matter of Q. Li*; 235(b)(1) and 235(b)(2); and, in the alternative, the request for change in custody status was denied due to flight risk. Dkt. 15, Supplemental Van Daley Decl., Ex. 15. The same day, an IJ denied Petitioner's Motion to Terminate. Dkt. 10, Delgado Decl. ¶ 14. Petitioner remains in custody, and while in custody "has filed an application for U-visa non-immigrant status based on being the victim of a qualifying crime, alleged to be committed against him while in the custody of respondent DHS." Dkt. 5 at 4.

ORDER GRANTING HABEAS CORPUS PETITION - 3

## DISCUSSION

### A. Mandatory or Discretionary Detention

The government argues relief should be denied because petitioner is mandatorily detained under 8 U.S.C. § 1225. Dkt. 9 at 3-5 (citing *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026)).[1] It argues petitioner's December 24, 2025 "re-entry [from Canada] without inspection therefore triggers this mandatory regime" and his current detention is "fully authorized by the plain text of the statute." *Id*. at 5. However, the government concedes that the third NTA issued restored the original 2023 entry, where petitioner was an UAC. *Id*. at 3.

In determining whether petitioners who have been apprehended on arrival, released, and later apprehended again, are subject to discretionary detention under § 1226(a) or mandatory detention under § 1225(b), the Court considers the government's treatment of the petitioner seeking habeas relief as "particularly relevant." *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). Where petitioner is "'treated by Respondents as subject to detention under § 1226, rather than mandatory detention under § 1225,' the former is more likely to apply." *Id.* (quoting *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (W.D. Wash. Aug. 19, 2025).

Persons detained under § 1225 may only be released under the agency's parole authority. 8 U.S.C. § 1182(d)(5)(A). Immigration Judge Tammy Fitting, in the notes she took during petitioner's immigration hearing, states petitioner was initially released on an

---

[1] The Court is aware of the Fifth Circuit Court of Appeals split decision, and the opinion of the Eighth Circuit (also a split decision) in *Avila v. Bondi,__* F.4th __, No. 25-3248, 2026 WL 819258 (8th Cir. March 25, 2026). These opinions are not binding on this Court and are inconsistent with this Court's view of the statutory text and relevant Ninth Circuit and Supreme Court authority interpreting it.

ORDER GRANTING HABEAS CORPUS PETITION - 4

Order of Recognizance ("OREC"). Dkt. 15, Supplemental Van Daley Decl., Ex. 16. Release or "conditional parole" under an OREC is authorized under § 1226(a)(2)(B). *See* 8 U.S.C. § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226).

There is no OREC in the record; the Court notes petitioner entered the United States as an UAC, and thus, "cannot be subject to the detention procedures in 8 U.S.C. § 1225." *Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026); *see also Telenchanav. Hermosillo,* No. 2:26-CV-00363-GJL, 2026 WL 696806, at *10 (W.D. Wash. Mar.12, 2026). The government argues that petitioner was detained pursuant to a separate inspection by immigration officials in 2025, and he was not processed as an UAC at the 2025 entry into the United States from Canada. Dkt. 9 at 4. However, the operative NTA refers back to his 2023 crossing; this NTA ignored the December 24, 2025 entry from Canada and restored "the original 2023 entry date and the same charge of removability." Dkt. 9 at 3 (citing Delgado Decl., ¶ 13; Van Daley Decl., Ex. 7).

Each NTA petitioner has been subject to reflects that petitioner is charged only as "present in the United States without being admitted or paroled," which supports the conclusion that he is detained under § 1226(a). *Del Valle Castillo*, 2025 WL 3524932, at *6; Dkt. 11, Van Daley Decl. Ex. 1, 6, 7.

The Court finds § 1226 governs petitioner's detention, and he is not subject to mandatory detention under § 1225.

ORDER GRANTING HABEAS CORPUS PETITION - 5

### B.  Fifth Amendment Due Process

The government argues petitioner's re-detention was consistent with due process under the Fifth Amendment. [2] Applying *E.A. T.B v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 18, 2025), the Court reviews the government's decisions and actions to deprive petitioner of his liberty interests under the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976): The private interest affected by the official action; the risk of erroneous deprivation of such interest through the procedures used, the probable value of additional or substitute procedural safeguards; and the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

### 1.  Private Interest

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld,* 542 U.S. 507, 529 (2004). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see also Zadvyda*s, 533 U.S. at 696 (finding that a non-citizen has a liberty interest "strong enough" to challenge "indefinite and potentially permanent" immigration detention). A released individual has had an "opportunity 'to form the [ ] enduring attachments of normal life'" and thus has a heightened liberty interest, such as those which led the Supreme Court in *Morrisey* to impose due process requirements on parolees where the

---

[2] The government does not respond to petitioner's *Mathews* argument. *See generally* Dkt. 9.The government instead incorrectly conducts a *Banda* analysis, which petitioner did not make and is inapplicable since petitioner is subject to § 1226(a). Dkt. 9 at 7-9 (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019)).

state seeks to revoke parole. *Carballo v. Andrews*, No. CV25-978-KES-EPG (HC), 2025 WL 2381464, at *4 (E.D. Cal. Aug. 15, 2025) (quoting *Morrissey,* 408 U.S. at 482).

When petitioner was released from ICE custody for over three years, he "took with him a liberty interest which is entitled to the full protections of the [D]ue [P]rocess [C]lause." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, at *3 (W.D. Wash. 2025*)*. The record suggest petitioner was paroled under an OREC in 2023 and/or released as a, UAC and also has a pending asylum application. According to petitioner, he has "received work authorization from USCIS and has attended all his scheduled court hearings and appointments with USCIS." Dkt. 12 at 5.

The government argues that 8 U.S.C. § 1225(b)(2)(A) mandates ICE detention of applications for admission for the duration of the new removal proceedings. Regardless of how the parties characterize the statutes, Fifth Amendment Due Process protections apply. The first factor weighs in petitioner's favor.

**2. Risk of Erroneous Deprivation**

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest and the probable value, if any, of additional or substitute procedural safeguards.

At the time of petitioner's arrest, he was not provided with notice of the allegations or an opportunity to respond prior to, during, or immediately after his arrest. There was no neutral decisionmaker, no meaningful notice, and no meaningful opportunity to contest ICE's assertions before petitioner's detention. The government concedes petitioner has no criminal history. Dkt. 11, Van Daley Decl., Ex. 4. The first two NTA's against petitioner were dismissed, presumably after determining

ORDER GRANTING HABEAS CORPUS PETITION - 7

that petitioner was not a flight risk or a danger to the community. Although Immigration Judge Tammy Fitting later made an alternative flight risk finding, petitioner was not afforded proper pre-deprivation procedures at the IJ hearing. Dkt. 15, Supplemental Van Daley Decl., Ex. 16. In a pre-deprivation hearing, the government bears the burden of proof, under *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), to justify immigration re-detention by clear and convincing evidence. The government is also required to provide adequate notice and due process protections similar to hearings under *Morrissey v. Brewer*, 408 U.S. 471 (1972), which did not occur here. The Court finds, under the circumstances, the risk of erroneous deprivation is high.

Thus, the Court finds the second *Mathews* factor favors petitioner.

### 3. The Government's Interest

The government's interest in civil detention without a hearing is low. *See E.A. T.B*, 795 F. Supp. 3d at 1323-24 (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.")).

Because the government has failed to demonstrate a substantial interest in reducing the Due Process protections, and because the administrative burden of providing a timely hearing is outweighed by the serious risk of erroneous deprivation, and the petitioner's strong interest in continued liberty on conditional parole, the third *Mathews* factor also weighs in petitioner's favor.

## CONCLUSION

The Court GRANTS the petition for writ of habeas corpus and ORDERS:

ORDER GRANTING HABEAS CORPUS PETITION - 8

(1) The Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b).

(2)  The government shall release petitioner from custody within 24 hours of the filing of this Order, under his previous conditions of parole.

(3) Petitioner is entitled to notice and a pre-deprivation hearing at which a neutral decision-maker must determine – before arrest and detention -- whether there is any valid basis for their detention, i.e., whether he poses a danger to the community or a flight risk that can only be mitigated through detention. At such a hearing, the government bears the burden of establishing by clear and convincing evidence that a valid basis exists for his detention. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011) ("the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond."); *Pablo Sequen v. Albarran,* No. 25-CV-06487-PCP, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 15, 2025).

(4) No later than two days after petitioner's release (for example, if petitioner is released on a Monday, then the government shall file the declaration no later than Wednesday; or, if petitioner is released on a Friday, then the declaration shall be filed no later than the following Monday) the government must file with the Court a declaration confirming the date and time petitioner has been released from custody.

(5) The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition.

Dated this 7th day of April, 2026.

ORDER GRANTING HABEAS CORPUS PETITION - 9

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING HABEAS CORPUS PETITION - 10